UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAN MEDINA,  )
    Plaintiff,  )
  )
v.  )  Civil No.
  )
THOMAS REILLY,  )
Attorney General, et al.,  )
    Defendants.  )  **04 11983 RWZ**

        MAGISTRATE JUDGE _Collings_

FEDERAL DEFENDANT PAULA SILSBY'S MOTION TO DISMISS

Federal Defendant Paula D. Silsby, the United States Attorney for the District of Maine, hereby respectfully moves to dismiss the Complaint that pro se Plaintiff Dan Medina has made against her. Plaintiff originally filed his Complaint in the Superior Court for Worcester County, Massachusetts. Ms. Silsby had that Complaint removed to federal district court pursuant to 28 U.S.C. §§ 1441, 1442, 1346 and 2679(d).

According to the face of his one-page, handwritten Complaint, a copy of which is attached, Plaintiff is a prisoner serving a sentence at the Maine State Prison located in Warren, Maine. In his Complaint, Medina claims that Ms. Silsby violated his rights by tolerating fraud and corruption inside the Maine State Department of Corrections, and by failing to investigate a letter that he wrote complaining that his mail was being interfered with.

Medina has sued Ms. Silsby in her official and individual capacities for failing to "efford [sic]" the law and for

tolerating "corruption and fraud inside the Department [sic] of Correction of Mass. and Maine." Pursuant to Federal Rule of Civil Procedure 12(b), Ms. Silsby now moves to dismiss the Complaint.

   I.   The claims against Ms. Silsby in her individual capacity should be dismissed.

To the extent that Plaintiff is trying to sue Ms. Silsby in her personal capacity for constitutional violations pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), his Complaint must be dismissed because: (1) the Court lacks personal jurisdiction over Ms. Silsby, (2) Plaintiff has failed to perfect service on Ms. Silsby, (3) Plaintiff fails to state a claim upon which relief may be granted, and (4) because Ms. Silsby is entitled to immunity from such a claim.

   A.   The Court lacks personal jurisdiction over Ms. Silsby in her personal capacity.

When a plaintiff seeks relief against a federal employee in her individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment. See Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984)(cited in Meyer v. Federal Bureau of Prisons, 940 F. Supp 9, 11 (D. D.C. 1996). In general, in order to achieve personal jurisdiction over a defendant, there must be a constitutional basis for the Court to exert jurisdiction, a statutory basis, and proper service of process. Foster-Miller Inc. v. Babcock & Wilcox,

Canada, 46 F.3d 138, 144 (1st Cir. 1995). Plaintiffs in <u>Bivens</u> actions must serve their defendants in accordance with Federal Rule of Civil Procedure 4(e). <u>Armstrong v. Sears</u>, 33 F.3d 182, 186 (2nd Cir. 1994) (citing <u>Griffith v. Nixon</u>, 518 F.2d 1195 (2nd Cir.), <u>cert. denied</u>, 423 U.S. 995 (1975)); <u>Daly-Murhy v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987).

In order for a Massachusetts court to exercise personal jurisdiction over Ms. Silsby in her individual capacity, Ms. Silsby must have had enough contact with Massachusetts such that she had fair warning that she might be subject to the jurisdiction of its courts. <u>Daynard v. Ness Motley, PA</u>, 290 F.3d 42, 52 (1st Cir.), <u>cert. denied</u>, 537 U.S. 1029 (2002). At a constitutional minimum, plaintiff's cause of action must arise out of Ms. Silsby's contacts with Massachusetts. In addition, Ms. Silsby's contacts must satisfy Massachusetts' long arm statute, 223A M.G.L.A. § 3.[1] Ms. Silsby does not reside in or regularly transact business in Massachusetts and Plaintiff's

---

[1] Among other things, Massachusetts' long arm statute reaches causes of action arising out of a person's

    (c) causing tortious injury by an act or omission in this commonwealth;
    (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
    . . .

Title II, M.G.L.A. § 3(c)-(d).

complaint appears to arise out of actions that occurred in Maine; not Massachusetts. There is no basis for a Massachusetts court to exercise personal jurisdiction over Ms. Silsby for the acts about which Plaintiff complains.

Federal Rule of Civil Procedure 4 authorizes service upon an individual (1) pursuant to the law of the state in which the district court is located or in which service is effected, (2) by delivery of the summons and complaint to the defendant personally, (3) by leaving copies thereof at the defendant's usual place of abode with a person of suitable age and discretion residing therein, (4) by delivering copies thereof to an agent authorized by appointment or by law to receive service of process. Massachusetts Rule of Civil Procedure 4,[2] and Maine

---

[2]Mass. R.Civ. P. 4(d) governs personal service within the Commonwealth and provides in part that:

The summons and a copy of the complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given. If the person authorized to serve process makes return that after diligent search he can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.

Rule of Civil Procedure 4,[3] are the local rules governing service. Plaintiff has not perfected service according to any of these rules either.

---

[3] Maine Rule of Civil Procedure 4(d) governs personal service and provides in part that:

Summons: Personal Service. The summons and complaint shall be served together. Personal service within the state shall be made as follows:

(1) Upon an individual other than a minor or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given. The court, on motion, upon a showing that service as prescribed above cannot be made with due diligence, may order service to be made by leaving a copy of the summons and of the complaint at the defendant's dwelling house or usual place of abode; or to be made by publication pursuant to subdivision (g) of this rule, if the court deems publication to be more effective.

* * *

(7) . . .
Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency, provided that any further notice required by statute or regulation shall also be given. . .

B.  Plaintiff fails to state a claim against Ms. Silsby in her individual capacity.[4]

In his Complaint, Plaintiff claims that Ms. Silsby failed to adequately investigate his claim that his mail was being interfered with. This allegation cannot support a claim for relief because the Constitution does not give prisoners the unfettered right to receive mail. See Turner v. Safley, 482 U.S. 78, 91 (1987)(Missouri Department of Corrections may regulate prisoner's correspondence based upon legitimate security concerns). Nor does the Constitution impose a duty upon a United States Attorney to investigate complaints by prisoners that their mail is being interfered with. A prosecutor's decision about whether to investigate a complaint is discretionary. Harrington v. Almy, 977 F.2d 37, 40 (1st Cir. 1993).

---

[4] Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Even pro se plaintiffs must comply. See Chongris v. Board of Appeals, 811 F.2d, 36, 37 (1st Cir. 1987). The purpose of notice pleading is to facilitate a proper decision on the merits. Boston & Maine Corp. v. Hampton, 987 F.2d 855, 865 (1st Cir. 1993)(citing Conley v. Gibson, 355 U.S. 41, 48 (1957)). A complaint must provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. Fair notice is notice that allows defendants to identify the claim against them and defenses applicable to it, to answer and prepare for trial. See Brown v. Califano, 75 F.R.D. 497, 498-9 (D. D.C. 1977). In addition to promoting fairness, the notice pleading requirement combats the rising costs of litigation by "requiring some specificity before permitting a claimant 'to drag a defendant past the pleading threshold.'" Boston & Maine Corp., 987 F.2d at 865 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). Plaintiff's Complaint does not provide Defendant Silsby with enough notice of his claim to satisfy Rule 8.

C.   Ms. Silsby enjoys immunity from Plaintiff's <u>Bivens</u> claim.

Ms. Silsby is entitled to absolute and qualified immunity from plaintiff's claims. "A prosecutor is entitled to absolute immunity for conduct associated with the initiation of prosecution." Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (cited in Almy, 977 F.2d at 40).

In addition, Ms. Silsby is entitled to qualified immunity because her actions did not violate any clearly established Constitutional right of which a reasonable person would have been aware. See Wilson v. Layne, 526 U.S. 603, 609 (1999); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Gardner v. Vespia, 252 F.3d 500, 502 (1st Cir. 2001). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229 (1991) (quoting Malley v. Briggs, 475 U.S. 335, 341, 343 (1986)).

Qualified immunity is designed to protect public officials from the costs associated with defending against suits for personal liability. These costs include the social costs of discouraging able citizens from public service, distracting government officials' attention from their government duties, and impairing such officials' performance of those duties, in addition to the actual expenses of litigation. See Crawford-El v. Britton, 523 U.S. 574, 590 and n. 12 (1998)(internal cites omitted); Anderson v. Creighton, 483 U.S. 637, 638 (1987);

Wardlaw v. Pickett, 1 F.3d 1297, 1302 (D.C. Cir. 1993) cert. denied, 512 U.S. 1204 (1994).

The Court is obliged to administer qualified immunity in a way that serves these purposes by resolving the issue as soon as possible. See Crawford-El 523 U.S. at 597-8; Anderson, 483 U.S. at 646 n. 6 ("qualified immunity question should be resolved at the earliest possible stage of a litigation."). Government officials are entitled "to an *immunity* from suit rather than a mere defense to liability . . . [which] is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(emphasis added).

The initial inquiry is whether a defendant's actions violated any Constitutional right. If so, the inquiry turns to whether that right was so clearly established that a reasonable person would have understood that what she was doing violated that right. Wilson, 526 U.S. at 609; Harlow, 457 U.S. at 818.

Ms. Silsby is not in any capacity responsible for the administration of the Maine Department of Corrections. To the extent that Ms. Silsby is responsible for the investigation of violations of federal criminal law, Mr. Medina does not have any clearly established constitutional right to have the United States Attorney investigate his claim that his prison mail was being interfered with. There is no constitutional right, much less a clearly defined one, to have a United States Attorney

investigate a complaint. It follows that Ms. Silsby could not have knowingly violated any clearly established constitutional right by failing to investigate Plaintiff's complaint. Ms. Silsby is immune to his suit.

> II. Plaintiff's common law claims against Ms. Silsby in her official capacity and the United States must be dismissed.
>
> A. Now that Ms. Silsby has been certified, the United States must be substituted for her, and she is statutorily immune from Plaintiff's common law claims.

To the extent that Plaintiff is trying to make common law claims against Ms. Silsby, those claims are against Ms. Silsby in her official capacity and must be dismissed for a variety of reasons as well. Pursuant to 28 U.S.C. § 2679(d), Ms. Silsby has certified that to the extent that she was involved in any actions about which Plaintiff complains in his Complaint, she was acting within the scope of her authority as an employee of the United States. This Certification has the effect of substituting the United States as the sole defendant in place of the individual defendant with respect to any common law claims. 28 U.S.C. § 2679(d).

> The remedy against the United States provided by sections 1346(b) and 2672 of this title [28] for injury or loss of property or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . .

9

28 U.S.C. § 2679(b)(1) (emphasis supplied).

Section 2679(d)(1) of the same title provides:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court <u>shall</u> be deemed an action against the United States under the provisions of this title and all references thereto, and the United States <u>shall</u> be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) ("the Westfall Act") (emphasis added). This certification authority has been delegated to United States Attorneys by 28 C.F.R. § 15.3.

Once such certification has been made, the United States must be substituted as the exclusive defendant for all common law tort claims, 28 U.S.C. § 2679(d)(1), and the individual federal defendant is entitled to statutory immunity, conferred by section 2679(b). <u>United States v. Smith</u>, 499 U.S. 160, 166 (1991); <u>Brown v. Armstrong</u>, 949 F.2d 1007, 1010 (8th Cir. 1991). The immunity extends to all conduct within the scope of employment <u>even if</u> there is no remedy against the United States." <u>Kimbro v. Velten</u>, 30 F.3d 1501, 1509 (D.C. Cir. 1994), <u>cert. denied</u>, 515 U.S. 1145 (1995) (<u>citing</u> <u>Smith</u>, 499 U.S. at 165-67).

In this action, upon the filing of the Certification, the United States was substituted as the sole defendant for all negligent or wrongful acts, including any common law claims for fraud, corruption and failure to investigate, which Plaintiff

10

sought to assert against Ms. Silsby in her official capacity. His claims against Ms. Silsby cannot be maintained in light of the immunity thereby afforded her.

    B.    Any claims against the United States for actions by Ms. Silsby in her official capacity must be dismissed.

    1.    Monetary Relief

Once the United States has been substituted for Ms. Silsby, Plaintiff's claims for fraud, corruption and failure to investigate, for which he seeks $500,000 must be dismissed as well. As sovereign, the United States is immune from suit except in accordance with the explicit terms of a statutory waiver of such immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980).

To the extent that plaintiff seeks monetary relief in tort against an employee of the United States, the only possible basis for relief would be under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. (FTCA). The United States has been substituted as the proper defendant to such claims by virtue of 28 U.S.C.§ 2679(d). Once substituted, all provisions and exclusions of the Federal Tort Claims Act apply as if the United States were sued in the first instance. 28 U.S.C. § 2679(d)(4). See also H. Rep. 100-700, 100th Cong. 2d Sess., reprinted at 1988 U.S. Code Cong. & Ad. News 5945-55.

Plaintiff's FTCA claims should be dismissed because he has not exhausted his administrative remedies as required by 28

11

U.S.C. § 2675(a), and because his suit appears to arise "out of the loss, miscarriage, or negligent transmission of letters or postal material," explicitly excepted from the FTCA's waiver of sovereign immunity by 28 U.S.C. § 2680(b).[5]

Finally, Massachusetts is not the proper venue for any tort claim for money damages arising out of Plaintiff's incarceration in Maine. 28 U.S.C. § 1402(b) provides that "Any civil action on a tort claim against the United States under subsection (b) of section 1346 of [Title 28] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Plaintiff apparently resides in Maine where he alleges that Ms. Silsby's wrongful act or omission occurred. Thus, venue over any FTCA claims by plaintiff would not lie in Massachusetts.

2. Injunctive Relief.

In his complaint, Plaintiff requests unspecified injunctive relief. Presumably, he would like the Court to order Ms. Silsby to investigate the complaint he made about his mail being interfered with. Such an injunction would be in the nature of

---

[5] His claim also appears to be barred by the discretionary function exception of 28 U.S.C. § 2680(a) which provides that the FTCA's waiver of sovereign immunity does not apply to claims based upon "a discretionary function or duty on the part of a federal agency or an employee of the Government. . ." Keeley v. United States, 924 F.2d 355, 360 (1st Cir. 1991) (cited in Nogueras-Cartagena v. United States, 172 F. Supp. 2d 296, 317 (D. P.R. 2001)).

mandamus relief.  Mandamus is "an extraordinary remedy, granted only when there is a clear entitlement to relief and threat of irreparable harm."  In re Sterling-Suarez, 306 F.3d 1170, 1172 (1st Cir. 2002).  See also In re Justices of Superior Court, 218 F.3d 11, 15 (1st Cir. 2000) (drastic remedy to be used sparingly).  A court's authority to issue mandamus is discretionary.  In re Martinez-Catala, 129 F.3d 213, 217 (1st Cir. 1997); United States v. Billmyer, 57 F.3d 31, 37 (1st Cir. 1995).

A court should not issue a writ of mandamus unless a plaintiff has a clear right to the relief sought, there is a plainly defined and nondiscretionary duty on the part of the defendant to honor that right, and no other adequate remedy, either judicial or administrative, is available.  Georges v. Quinn, 853 F.2d 994, 995 (1st Cir. 1988); Falzarano v. United States, 607 F.2d 506, 513 (1st Cir. 1979).  The duty must be ministerial, clearly defined, and nondiscretionary.  Pittston Coal Group v. Sebben, 488 U.S. 105, 212 (1988); Doughty v. Underwriters at Lloyds, London, 6 F.3d 856, 865 (1st Cir. 1993); Eveland v. Director of CIA, 843 F.2d 46, 50 (1st Cir. 1988).  A United States Attorney has broad discretion to decide whether or not and if so how to investigate complaints that come through her office.  Such discretionary duties are not subject to mandamus.

WHEREFORE defendants Silsby and the United States of America respectfully request that the claims against them be dismissed.

Respectfully submitted,

_____
Damian W. Wilmot, Assistant U.S.
Attorney, District of Massachusetts
John Joseph Moakley Fed. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3398


Halsey B. Frank, Special U.S.
Attorney, District of Massachusetts
100 Middle Street Plaza
Portland, Maine 04101
207-771-3251


CERTIFICATE PURSUANT TO LR. 7.1(A)(2)

The Respondent takes the position that, because LR. 7.1(A)(2) requires "counsel" to confer, the Rule is inapplicable where, as here, plaintiff is proceeding pro se and is incarcerated. To the extent the Court considers the Rule applicable, the undersigned requests that it be waived here.

_____
Damian W. Wilmot

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion to Dismiss has been made by mailing copies thereof to:

    Dan Medina, #79648
    Maine State Prison
    857 Cushing Road
    Warren, Maine 04864

    Thomas Reilly, Attorney General
    JW McCormack Building
    One Ashburton Place
    Boston, MA    02108

    Mitt Romney
    Office of the Governor
    State House, Room 360
    Boston, MA    02133

    Martin Magnusson, Commissioner
    Maine Department of Corrections
    State House Station 11
    Augusta, ME    04333

    Kathleen Dennehy, Commissioner
    Department of Corrections Headquarters
    50 Maple Street, Suite 3
    Milford, MA    01757

Dated: September 13, 2004

                        /s/ Halsey B. Frank
                        Halsey B. Frank
                        Special Assistant United
                        States Attorney for the
                        District of Massachusetts
                        100 Middle Street Plaza
                        Portland, Maine 04101
                        207-771-3251

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>Worcester Division | DOCKET NUMBER<br>04-1468C |
|---|---|---|

**PLAINTIFF(S)** Dan Medina

**DEFENDANT(S)** Thomas Reilly (AGCW), Mitt Romney (Governor), Paula S. Isby (AUS Atty), Martin Magnusson (Comm'r), Kathleen Dennehy (Major), (Comm'r of Mass)

**ATTORNEY(S) FIRM NAME, ADDRESS AND TEL.)** Pro se

**ATTORNEY(S) (if known)**

**FILED** JUL 28 2004

Board of Bar Overseers # (Required)

### ORIGIN CODE AND TRACK DESIGNATION

Place an ☒ in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. c231, s. 104 (F)
- ☐ 3. F03 Retransfer to Sup. Ct. c231, s. 102C (X)
- ☐ 4. F04 District Ct. Appeal c231, s. 97 (X)
- ☐ 5. F05 Reactivated after Rescript; Relief from judgment/order (Mass. R Civ. P. 60 (X)
- ☐ 6. E10 Summary process appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

CODE NO. E17  TYPE OF ACTION (specify): 42 USC 1983, 85, 86 civil rights action, corruption, racist conspiracy, 14th Amendment of United States violation

TRACK (F)  IS THIS A JURY CASE? ☒ Yes ☐ No

**1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS:**

Defendants was engaged in misconduct and coverup in conspiracy they don't investigated the failure to their duties discriminated and caused me emotional distress

**2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000:**

I respectfully request for the sum of $500,000 dollars compensation against each defendants for false imprison, damages and emotional distress

**3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND DIVISION, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.**

SIGNATURE OF ATTORNEY OF RECORD OR PLAINTIFF: Daniel [signature]

DATE: 7/28/04

### OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE
### DISPOSITION

A. Judgment Entered
- ☐ 1. Before jury trial or non-jury hearing
- ☐ 2. During jury trial or non-jury hearing
- ☐ 3. After jury verdict
- ☐ 4. After court finding
- ☐ 5. After post trial motion

B. No Judgment Entered
- ☐ 6. Transferred to District Court under G.L. c.231, s.102C.

Disposition Date _____

RECEIVED BY: _____ DATE: _____
DISPOSITION ENTERED BY: _____ DATE: _____

WORCESTER SS

DAN MEDINA
V.S

THOMAS REILLY
ATTORNEY GENERAL
OF MASSACHUSETTS

MITT ROMNEY
GOVERNOR'S OF
MASSACHUSSETTS

PAULA D. SILSBY
U.S. ATTORNEY
OF MAINE

MARTIN MAGNUSSON
COMMISSIONER OF DEPT
CORRECTION OF MAINE
AND
KATHLEEN M. DENNEHY
COMMISSIONER OF DEPT
CORRECTION OF MASS.
DEFENDANTS

COMMONWEALTH OF MASSACHUSSETTS

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

CIVIL ACTION
No. 04-1468C

JURY TRIAL DEMANDED.

COMPLAINT

RECEIVED
JUL 28 2004
CLERK OF COURTS
WORCESTER COUNTY

STATEMENTS:

THIS A CIVIL RIGHTS ACTION BY DAN MEDINA A STATE PRISONER FOR DAMAGES, FORGERY CORRUPTION, DISCRIMINATION, RELIEF UNDER 42 USC. 1983, 86, 85, INJUNCTIVE RELIEF. VIOLATION OF EQUAL PROTECTION CLAUSE, UNDER 14TH AMENDMENT OF UNITED STATES CONSTITUTION. CONSPIRANCY AND UNDER THE COLOR OF THE LAW.

PARTIES

1) DEFENDANTS: REILLY, ROMNEY AND SILSBY: ARE IN CHARGE AND RESPONSIBLE TO INVESTIGATED CORRUPTION AND FRAUD INSIDE THE DEPT OF CORRECTION OF MASS AND MAINE AND EFFORD THE LAW PROSECUTED THEM AND BRING THEM TO JUSTICE, THEY FAIL TO EFFORD THE LAW, THEY ARE SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES.

2) DEFENDANTS: MAGNUSSON AND DENNEHY: THEY ARE COMMISSIONER OF MASS AND MAINE THEY ENGAGE ON FRAUD AND FORGERY USING D.O.B. 1-23-56 IN MY CASE OUTSIDE OF THE CRIMINAL RECORDS IN ORDER TO DEFRAUD THE STATE AND KEEP ME FALSELY IN PRISON. THEY ARE SUED IN THEIR OFFICIALS AND INDIVIDUALS CAPACITIES.

FACT ISSUE

THEY DEFENDANTS ENGAGED IN COVER UP CORRUPTION, FORGERY CONSPIRACY AND RACISM, THEY FAILURE TO THEIR DUTIES VIOLATED MY CONSTITUTIONAL RIGHTS

RELIEF PRAYER

THANK YOU I RESPECTFULLY REQUEST THE SUM OF $500,000 DOLLARS COMPENSATIW AGAINST EACH DEFENDANTS FOR DAMAGES, FALSE IMPRISONER, AND EMOTIONAL DISTRES

THANK YOU