```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

DAN MEDINA,                                    No. 04-CV-11983-RWZ

    Plaintiff,

    v.

THOMAS REILLY, et al.,

    Defendants.

### DEFENDANTS', THOMAS REILLY, MITT ROMNEY, AND KATHLEEN DENNEHY, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Thomas Reilly, Mitt Romney, and Kathleen Dennehy submit this Memorandum of Law in support of their Motion to Dismiss plaintiff's Complaint.

### STATEMENT OF FACTS

Plaintiff, *pro se*, filed a Complaint against Thomas Reilly ("Reilly"), the Attorney General of Massachusetts; Mitt Romney ("Romney"), the Governor of Massachusetts; Paula Silsby, the U.S. Attorney of Maine; Martin Magnusson, the Commissioner of the Maine Department of Correction; and, Kathleen Dennehy ("Dennehy"), the Commissioner of the Massachusetts Department of Correction. Plaintiff filed his Complaint in the Worcester Superior Court. Defendant Paula Silsby filed a Notice of Removal from the Worcester Superior Court to the United States District Court. On September 20, 2004 the case was removed from the

1

Worcester Superior Court to the United States District Court.

Plaintiff's Complaint is a one-page document that alleges corruption, forgery, conspiracy, and racism. Defendants Reilly, Romney, and Dennehy are entitled to a dismissal of the claims against them.

## ARGUMENT

I. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) will be granted if it appears to a certainty that the plaintiff would be unable to recover under any set of facts. Gonzalez-Bernal v. United States, 907 F.2d 246, 258 (1st Cir. 1990). A court ruling on a motion to dismiss must accept the factual allegations of the Complaint as true and draw all reasonable inferences in the non-moving party's favor. Feinstein v. Resolution Trust Corp., 942 F.2d 34, 37 (1st Cir. 1991). Plaintiff's one-page Complaint fails to state a claim.

Plaintiff fails to allege how defendants Reilly, Romney, and Dennehy engaged in corruption, forgery, conspiracy, and racism. Plaintiff simply writes that the defendants "failure in their duties violated my constitutional rights". See Complaint. Plaintiff's Complaint does not make sense. It appears that plaintiff claims that defendants Reilly and Romney failed to enforce the law. Complaint ¶1. Plaintiff fails to allege what laws they have failed to enforce and how such a failure effects

plaintiff. Also, plaintiff alleges that defendant Dennehy used his date of birth to keep him falsely in prison. See Complaint ¶2. He fails to allege how and when defendant Dennehy used his date of birth. Also, if plaintiff is alleging he is falsely incarcerated, his claim might be better addressed as a habeas corpus petition.

**II.   PLAINTIFF'S §1983 CLAIMS ARE BARRED.**

Plaintiff states that he is bringing this suit under 42 U.S.C. §1983. See Complaint. Plaintiff seeks monetary damages for alleged violations of 42 U.S.C. § 1983.  To state a claim for monetary damages under 42 U.S.C. § 1983, a plaintiff must allege that a "person" acting under color of law deprived him of a federal statutory or constitutional right. See 42 U.S.C. § 1983.

A state agency, such as the Department of Correction, is not a "person" within the meaning of  § 1983. See Will v. Michigan Dep't of State Police, supra at 70.  Likewise, state officials acting in their official capacities are not "persons" within the meaning of § 1983 for purposes of monetary damages. See Will v. Michigan Dep't of State Police, supra at 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . As such, it is not different from a suit against the State itself"); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

The plaintiff's claims against defendants Reilly, Romney, and Dennehy, in their official capacities, fail as a matter of law. This Court should, therefore, dismiss these claims.

## CONCLUSION

WHEREFORE, the defendants respectfully request that this Court DISMISS the plaintiff's Complaint as to defendants Thomas Reilly, Mitt Romney, and Kathleen Dennehy.

```
                          DEFENDANTS
                          THOMAS REILLY, MITT ROMNEY,
                          AND KATHLEEN DENNEHY,

                          By their attorney,

                          NANCY ANKERS WHITE
```

Date: October 1, 2004        /s/ Daryl F. Glazer
                             Daryl F. Glazer, Counsel
                             Legal Division
                             Department of Correction
                             70 Franklin Street, Suite 600
                             Boston, MA  02110-1300
                             (617) 727-3300, ext. 102
                             BBO #567138